MINERVA OVERLANDER ET AL., APPELLANTS, V. PETER WARE
ET AL., APPELLANTS: JOHN L. CLARK, APPELLEE.

FILED MARCH 27, 1919.    No. 20778.

Judgment: SUPPLEMENTAL PROCEEDINGS: ISSUES. In supplemental proceedings upon a judgment, the parties to the action cannot relitigate the findings upon which the original judgment is based.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Byron G. Burbank,* for appellants.

*Alvin F. Johnson, contra.*

DEAN, J.

This proceeding was instituted to obtain a supplemental decree in the case of *Overlander v. Ware,* 102 Neb. 216, to which reference is had for the main facts, which need not be repeated here. In this proceeding John L. Clark, hereinafter called appellee, prevailed in the district court, and all parties adversely interested, hereinafter called appellants, have appealed.

In their application for a supplemental decree, appellants asked an accounting for the rents, issues and profits of the land involved during the time the case was pending in this court on appeal. Appellants say in their brief: "This appeal involves the correct method of accounting by Clark for the 120 acres for the years 1916 and 1917." They also argue that appellee was a cotenant of appellants, and that: "The court erred in not requiring the appellee, John L. Clark, to account to the appellants for the rents, issues and profits received by him from the 120 acres of land, in the form of the cash received by him and shares of the crops raised by tenants under him and sold by him and received by him and for the fair market value of the landlord's share of the corn raised by the said John L. Clark on the land. * * * The court erred in re-

quiring the appellee, John L. Clark, to account for only the reasonable rental value of the land.''

The decree in the main case, in which Clark was defendant and the appellants were either plaintiffs or cross-petitioners, provided that Clark should pay for the use of the land from the time that he came into its possession until the rendition of the decree, namely, for the years 1914 and 1915, on a cash rental basis approximating $3 an acre. The decree in the main case also makes provision that if Clark appealed to the supreme court he would ''pay the value of the use and occupation'' of the land involved herein during the pendency of such appeal. To the same effect was the condition of the supersedeas bond that was executed by Clark on appeal. To the foregoing provisions in the decree and supersedeas bond respecting a cash rental basis of settlement, appellants took no exception, and, the judgment of the district court having been affirmed by this court, it seems to us that the judgment is final, and that appellants' argument for a settlement on a different basis, namely, a tenant's share basis while the case was pending in this court on appeal, is not tenable. The issue in question has been determined by the decree of the district court in the main case and by its affirmance here. Appellants, with knowledge of the facts, and in the absence of mistake or of fraud having acquiesced in the judgment, cannot now in a supplemental proceeding in the same case, where the parties and the issues are the same, take a different position that is prejudicial to the adverse party. It follows that the basis of settlement that appears in the decree is binding on all parties alike, and all are alike estopped from substituting a different basis. 16 Cyc. 796-799; 10 R. C L. 702, sec. 29.

We find no reversible error. The judgment is

AFFIRMED.

CORNISH, J., not sitting.